## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DANIELLE BARRON, individually )
and as Parent and Legal Guardian of )
E.B., a minor child, )
  )
         Plaintiff, )
  )    Case No. CIV-2019-591-SLP
vs. )
  )
NATIONAL HEALTH INSURANCE )
COMPANY, )
  )
         Defendant. )

## DEFENDANT NATIONAL HEALTH INSURANCE COMPANY'S
## MOTION TO EXCLUDE EXPERT TESTIMONY OF
## REBECCA FREEMAN UNDER *DAUBERT*
## AND BRIEF IN SUPPORT

J. Derrick Teague, OBA #15131
Linda G. Kaufmann, OBA #14759
JENNINGS TEAGUE, PC
204 N. Robinson Avenue, Suite 1000
Oklahoma City, OK  73102
Telephone:  (405) 609-6000
Facsimile:   (405) 609-6501
E-mail: dteague@jenningsteague.com
       lkaufmann@jenningsteague.com
**ATTORNEYS FOR DEFENDANT**

## <u>TABLE OF CONTENTS</u>

I.    STATEMENT OF THE CASE ………………………………………..    1

II.   RELEVANT FACTS …………………………………………………    2

      A.    Plaintiff's Claims in this Lawsuit  ………………………...    2

      B.    Freeman's Methodology …………………………………….    3

      C.    Freeman's Opinions ……………………………………….…    4

III.  ARGUMENT AND AUTHORITY …………………………………    6

      A.    Freeman's Failure to Disclose a List of Prior
            Cases in Which She Has Testified and the Data She
            Considered in Forming Her Opinions in Violation of
            Fed. R. Civ. P. 26(a)(2) Precludes the Admission
            of Her Opinions ……………………………………………    8

      B.    Freeman Is Not Qualified to Testify
            Regarding Claims Handling for Short Term
            Medical Policies ……………………………………………    11

      C.    Freeman's Opinions Are Inadmissible and
            Should be Excluded ………………………………………..    13

            1.    Freeman Should Be Precluded from
                  Offering a Biased and Inaccurate Factual
                  Narrative ………………………………………    13

            2.    Freeman Should be Precluded from Offering
                  Testimony Regarding the Requirements of
                  Oklahoma Law …………………………………..    15

            3.    Freeman Should be Precluded from Offering
                  Testimony Regarding the Meaning of the Terms
                  of Plaintiff's Policy ……………………………….    16

            4.    Freeman Should be Precluded from Opining
                  Regarding the Failure of NHIC to Produce a
                  Claims File ……………………………………….    17

IV.   CONCLUSION …………………………………………………………   18

      CERTIFICATE OF SERVICE …………………………………………   19

# INDEX OF AUTHORITIES

## Cases

*American Commerce Ins. Co. v. Harris*,
No. CIV-07-423-SPS, 2009 WL 130225 (E.D. Okla., Jan. 16, 2009) …………… 16

*Badillo v. Mid-Century Ins. Co*, 2005 OK 48, 121 P.3d 1080, 1093 …………… 16

*Bitler v. A.O. Smith Corp.*, 400 F.3d 1227 (10th Cir. 2004) ……………………… 7

*Bright v. Ohio Nat. Life Assur. Corp.*, No. 11-CV-475-GFK-FHM,
2013 WL 121479 (N.D. Okla., Jan. 9, 2013) ………………………………….. 17

*Christian v. American Home Assurance Co.*,
1977 OK 141, 577 P.2d 899 …………………………………………………… 16

*City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576 (10th Cir. 1998) …………. 12

*Cohlmia v. Ardent Health Servs., L.L.C.*, 254 F.R.D. 426
(N.D. Okla. 2008) ……………………………………………………………… 9

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) …………… 1, 7

*Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C.*, No. CIV-04-390-F,
2005 WL 3558663 (W.D. Okla. Dec. 29, 2005) ………………………………… 9, 10

*Dodge v. Cotter Corp.*, 328 F.3d 1212 (10th Cir. 2003) ………………………….. 7

*Goebel v. Denver and Rio Grande W. R. Co.,* 346 F.3d 987
(10th Cir. 2003) ………………………………………………………………… 8

*Graves v. Mazda Motor Corp.*, 675 F. Supp.2d 1082
(W.D. Okla. 2009) ……………………………………………………………… 11

*Hamilton v. Bayer Healthcare Pharmaceuticals Inc.*,
No. CIV-18-1240-C, 2019 WL 5295201 (W.D. Okla., October 18, 2019) ………. 14

*In re Rezulin Products Liability Litig.*, 309 F. Supp.2d 531
(S.D. N.Y. 2004) ……………………………………………………………….. 14

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir. 2002) …………………… 9

*Kline v. Lorillard, Inc.*, 878 F.2d 791 (4th Cir. 1989) ……………………………… 12

*Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) ……………………… 1, 7

*Magallan v. Zurich Am. Ins. Co.*, No. 16-CV-0668-CVE,
2017 WL 4012964 (N.D. Okla., Sept. 12, 2017) …………………………………… 15

*North American Specialty Co. v. Britt Paulk Ins. Agency, Inc.*,
579 F.3d 1106 (10th Cir. 2009) ……………………………………………………… 17

*ODG-OU, L.L.C. v. Pierce Prop. Mgmt., LLC*, No. CV-14-229-L,
2016 WL 11447824 (W.D. Okla., Jan. 19, 2016) …………………………………… 14

*Ralston v. Smith & Nephew Richards, Inc.*,
275 F.3d 965 (10th Cir. 2001) ……………………………………………………….. 7, 11

*Shreve v. Sears, Roebuck & Co.*, 166 F. Supp.2d 378 (D. Md. 2001) …………… 12

*Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988) ………………………………… 15

*Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932 (10th Cir. 1994)………… 14

*U.S. Aviation Underwriters, Inc. v. Pilatus Bus.
Aircraft, Ltd.*, 582 F.3d 1131 (10th Cir. 2009) …………………………………… 8

*Whiting v. Boston Edison Co.*, 891 F. Supp. 12 (D. Mass. 1995) ………………… 11

**Rules and Statutes**

Fed. R. Evid. 702 ………………………………………………………………….. 1, 6,
11, 14

Fed. R. Civ. P. 26 …………………………………………………………………… 3

Fed. R. Civ. P. 26(a)(2) …………………………………………………………… 8, 10

Fed. R. Civ. P. 26(a)(2)(B) ……………………………………………………….. 8

Fed. R. Civ. P. 37(c)(1) …………………………………………………………… 9, 10

Okla. Stat. tit. 36, § 36-1219 …………………………………………………… 4

Defendant, National Health Insurance Company ("NHIC"), moves this Court for an order prohibiting Plaintiff from offering expert testimony at trial from Rebecca Freeman in support of her breach of contract and insurance bad faith claims. As set forth below, Freeman is not qualified to offer testimony on the issues in this case and her opinions are irrelevant, unreliable and otherwise inadmissible under Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) and should be excluded.

## I. STATEMENT OF THE CASE

Plaintiff Danielle Barron purchased a short term group medical insurance policy from NHIC for herself and her family ("the Policy"). Plaintiff's daughter E.B. sought treatment for left hip pain in late December 2018 and was diagnosed with Legg Calvé Perthes disease, a rare childhood hip disorder. E.B. had surgery to treat the condition in February 2019. Plaintiff was thereafter notified that claims submitted for medical expenses related to E.B.'s hip surgery were not covered under the Policy based on exclusions in the Policy. Plaintiff hired an attorney to assist her in appealing the decision but filed this lawsuit instead.

Plaintiff alleges NHIC breached its contract and acted in bad faith by denying the claims related to E.B.'s hip surgery, for which she is seeking actual and punitive damages. Petition, pp.2-3 [Doc. 1-2]. NHIC denies Plaintiff's allegations and has moved for summary judgment on her claims and on the issue of punitive damages on the basis that the claims were not covered under the Policy and were thus properly adjudicated and

1

denied. *See* Defendant National Health Insurance Company's Motion for Summary Judgment [Doc. 47]. The case is scheduled for jury trial on this Court's December 2020 trial docket.

## II. RELEVANT FACTS

### A. Plaintiff's Claims in this Lawsuit

1.  Plaintiff has asserted claims against NHIC for breach of contract and breach of the duty of good faith and fair dealing in denying the claims related to E.B.'s hip surgery.

2.  Plaintiff has retained Rebecca Freeman to offer expert testimony in support of her claims. Plaintiff has described the scope of Freeman's testimony as follows:

> Ms. Freeman will testify based on her expertise, on insurance industry claim practices, and Defendant's claim practices in the handling of this claim as per her report.   A copy of Ms. Freeman's expert report along with her curriculum vitae will be provided to the Defendant under separate cover.

Plaintiff's Expert Witness List [Doc. 42].

3.  Plaintiff produced Freeman's report in accordance with the deadline in this Court's scheduling order. Therein, Freeman states that she has been asked to opine "whether the universal requirements and insurance industry standards for first party medical claims handling were met in this case."  Expert Report of Rebecca Freeman, p.1 [Ex. 1].

### B. Freeman's Qualifications

4.  Freeman is a claims consultant with Thrivant, which she describes as a "fraternal insurance and financial organization," where she works with "disability income, long-term care, and Medicare supplement claims." She claims she also provides "expert"

testimony for her employer but has a nondisclosure agreement for those cases. Freeman also has a consulting business, and consults on "disability income, long-term care, Medicare supplement, major medical, and auto cases in litigation, including bad faith litigation." Freeman Report, p.1 [Ex. 1].

5.      Freeman's report is not accompanied by a list of cases in which Freeman has testified in the last four (4) years as required by Fed. R. Civ. P. 26 and as requested by NHIC in discovery. When asked for that information in a letter seeking supplementation of Plaintiff's discovery responses, Plaintiff's counsel advised NHIC's counsel by phone that Freeman is under a confidentiality order with Thrivant and cannot produce that information. He advised that Freeman has not provided expert testimony at deposition or trial on behalf of her own consulting firm.

6.      An examination of Freeman's CV does not reveal: any experience handling, reviewing or supervising claims under short term medical policies like the policy at issue here; any experience handling, reviewing or supervising insurance claims in Oklahoma; any experience in the medical field as a practitioner or reviewer of health insurance claims; any experience with Oklahoma insurance law. Freeman CV [Ex. 1].

## B. Freeman's Methodology

7.      Freeman reviewed case-specific items in forming her opinions, including the deposition of NHIC's corporate representative, Meritain documents produced in the case, NHIC documents produced in the case, phone calls, and "medical history, and medical records." Curiously, Freeman does not include the documents produced by Plaintiff in discovery on the list of items she reviewed. Freeman Report, p.1 [Ex. 1].

3

8.     Plaintiff Danielle Barron was deposed after the submission of Freeman's report, so Freeman did not review Plaintiff's deposition.

9.     NHIC asked Plaintiff to supplement its discovery and produce all documents relied upon by Freeman in forming her opinions. No documents were produced. Plaintiff responded: "See Expert Report previously produced." Plaintiff's Supplemental Objections, Answers, and Responses to Defendant's First Set of Interrogatories and Request for Production, Response to RFP No. 4 [Ex. 2].

10.     Freeman states that in determining whether Plaintiff's claims were handled in accordance with "the universal requirements and insurance industry standards for first party medical claims handling," she consulted Okla. Stat. tit. 36, § 36-1219, and the following unidentified materials and sources:

> statutes; case law; regulations; insurance company guidelines; claim file documentation and retention requirements; textbooks; publications; court cases; model unfair claims settlement practices acts; company advertisements promising prompt and fair claims processing; insurance claims procedures; and guidelines contained in contracts with third party administrators.

Freeman Report, p.1 [Ex. 1].

11.     Relying on these unidentified materials and sources, Freeman offers a list of "universally recognized rules and standards" for handling medical claims. Freeman Report, p.2 [Ex. 1].

## C. Freeman's Opinions

12.     Freeman's report begins with a "Summary" in which she gives her spin on the facts which led to E.B.'s surgery and the denial of E.B.'s claims, in which she

4

concludes: "the injury [E.B.] sustained **is** a <u>covered injury</u> and should not have been denied." Freeman bases that conclusion on NHIC's failure to conduct a diligent investigation and review of E.B.'s medical records and apparent "failure to train" their staff to "properly adjudicate" claims.  <u>Freeman Report</u>, p.3 [Ex. 1].

13.     Freeman's report contains "Detailed Findings" which consist of a "chronology" interspersed with inaccurate medical, factual, and legal statements and conclusions based on her review of the file. For example:

a)     Freeman states: "[a]ccording to the 12/27/2018 medical records obtained by the plaintiff from provider Ortho Plus, this was classified as an acute sports injury." That is incorrect. The information to which Freeman refers is in a section of the record under the heading "Reported by patient." The <u>doctor's</u> assessment is "1) Pain of left hip joint; and 2) avascular necrosis of the capital femoral epiphysis, left, other osteonecrosis, unspecified femur" with a pediatric orthopedic referral.  <u>12/27/18 Ortho Plus Record</u>, p.4 [Ex. 3].

b)     Freeman states: "Meritain produced EOBs denying all charges related to [E.B.'s] surgery under exclusion code #59," *id.* at p.6, and "[plaintiff] never received a denial letter in writing that included the reason for the denial and explaining how she could appeal the decision, both of which are requirements in the state of Oklahoma." *Id.* at p.7. That is incorrect. Plaintiff produced in discovery EOBs denying claims relating to E.B.'s hip surgery under Exclusion 59, accompanied by written information titled: "Important information about your appeal rights." *See* <u>Explanation of Benefits Forms Produced by</u>

<u>Plaintiff</u> [Ex. 4].   Again, Freeman does not list the documents Plaintiff produced in discovery on the list of materials she reviewed. <u>Freeman Report</u>, p.1 [Ex. 1].

c)      Freeman provides an excerpt from the Policy regarding injuries that are not covered in the benefits section from which she concludes E.B.'s injury "**is** a <u>covered injury</u>." <u>Freeman Report</u>, p.6 [Ex. 1]. Freeman does not refer to the definition of "injury" in the Policy or to the definition of "accident" in the Policy which provide that an "injury" must be caused by an "accident" *wholly independent* of "any disease, bodily infirmity, ailments, infection or any other abnormal physical condition." <u>Certificate of Coverage under Group Policy</u>, pp.4, 7 [Doc. 47-3].

14.     Freeman's "Conclusion" is that NHIC did not conduct a "full and fair investigation" of E.B.'s claims; that it failed to provide Plaintiff with the basis for the denials or notify her of her right to appeal; that NHIC did not "properly review and evaluate" E.B.'s claims because it did not produce a claim file and failed to obtain correct medical records; and that NHIC should pay the denied claims plus "legally required" interest in a total amount she has calculated but for which she provides no numerical or claim detail.  <u>Freeman Report</u>, p.7 [Ex. 1].

### III. ARGUMENT AND AUTHORITY

The presentation of expert testimony and evidence at trial is governed by Fed. R. Evid. 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the

product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

*Id.* Rule 702 incorporates the principles set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) which this Court is to apply in determining the admissibility of expert testimony. The proponent of expert testimony has the burden of proving the expert's testimony is admissible. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970-71 n.4 (10th Cir. 2001).

Under Rule 702 and *Daubert*, this Court must exercise a "gatekeeping" function with regard to the admissibility of expert testimony. That role requires this Court to first assess the expert's qualifications and then "to assess the reasoning and methodology underlying the expert's opinion and determine whether it is both scientifically valid and applicable to the particular facts." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003). The purpose of the *Daubert* inquiry is "'to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Dodge*, 328 F.3d at 1222-23 (quoting *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

Rule 702 requires that an expert's testimony be pertinent to the inquiry in the case "*as a precondition to admissibility*." *Daubert,* 509 U.S. at 591-92 (emphasis added). Expert testimony must also be reliable, and relevant to or "fit" the task at hand. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233-34 (10th Cir. 2004) (quoting *Daubert*, 509 U.S. at 592, 597).

This Court has broad discretion in assessing the reliability of an expert's opinions. *Goebel v. Denver and Rio Grande W. R. Co.,* 346 F.3d 987, 990 (10th Cir. 2003).  The "touchstone" of the admissibility of expert testimony is its helpfulness to the jury. *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1150 (10th Cir. 2009). To the extent Freeman is not qualified to testify regarding the short term medical insurance policy at issue and intends to offer opinions which consist of a biased factual narrative, legal conclusions, are irrelevant, and would do nothing more than tell the jury what conclusions to reach on facts the jury is capable of assessing for itself, her opinions would not be helpful to the jury and should be excluded.

### A. Freeman's Failure to Disclose a List of Prior Cases in Which She Has Testified and the Data She Considered in Forming Her Opinions in Violation of Fed. R. Civ. P. 26(a)(2) Precludes the Admission of Her Opinions

Plaintiff submitted Freeman's Fed. R. Civ. P. 26(a)(2) expert report in accordance with the deadline in this Court's scheduling order. However, Freeman's report does not comply with Fed. R. Civ. P. 26(a)(2)(B) which requires the report to contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" and "the facts or data considered by the witness in forming [her opinions]." Relevant Facts, Nos. 4, 5.

Rule 26(a)(2) requires expert witness disclosures "be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case …." Rule 26(a)(2)(B). The written report must contain not only "a complete statement of all opinions the witness will express and the basis and reasons for them," but also "the facts or data considered by the witness" in

forming them and "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." *Id.*  The rule serves the important purpose of providing a party with the views of the opposing party's experts and permits adequate preparation for depositions and cross-examination at trial.  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).

A litigant's Rule 26 expert disclosure obligations are specifically addressed in *Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C.*, No. CIV-04-390-F, 2005 WL 3558663 (W.D. Okla. Dec. 29, 2005):

> Neither Rule 26 nor the court's scheduling regime under LCvR 16.1 (nor the scheduling order commonly entered pursuant to that rule - *see* Appendix III to the Local Court Rules) contemplate that expert disclosure (or, absent truly exceptional circumstances . . . the accompanying expert work in a particular case) will be an iterative process.  The proponent of the testimony of an expert is obligated to provide a report from that expert complying fully with the requirements of Rule 26(a)(2).  The opposing party is then entitled to rely on that report as a definitive statement of the expert's direct testimony and of the basis for that testimony, even to the extent, as the Advisory Committee Notes indicate, of electing to forego deposing the expert.... The CRJA's goals of civil litigation expense and delay reduction . . . would be substantially undermined if litigants were permitted to treat the expert report requirements casually. Reports that are preliminary do not suffice.

*Id.* at *6.  Freeman's report does not "comply fully with the requirements of Rule 26(a)(2)."

Rule 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Rule 37(c) is a self-executing sanction.  Fed. R. Civ. P. 37(c) advisory committee's notes (1993); *Cohlmia v. Ardent Health Servs., L.L.C.*, 254 F.R.D. 426, 429-30 (N.D. Okla. 2008) ("Exclusion is automatic unless the offending party can

show substantial justification or harmlessness."); *Dixie Steel Erectors*, 2005 WL 3558663, at *6 (exclusion and other remedies are available if party's failure to comply with Rule 26(a)(2) "does not clear the 'justified or harmless' hurdle" under Rule 37(c)).  Thus, Rule 37(c)(1) "provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed."  Fed. R. Civ. P. 26(a)(2) advisory committee's notes (1993).

NHIC has been prejudiced by Freeman's failure to comply with Rule 26(a)(2)(B)'s disclosure requirements. Freeman's refusal to provide a list of any cases in which she has given expert testimony at deposition or trial based on a "nondisclosure agreement" with her employer precludes NHIC from analyzing and researching Freeman's prior opinions and whether her testimony has been excluded or limited in order to challenge her qualifications to provide expert testimony here. The same is true of Freeman's failure to disclose the data she relied on in formulating her "universally recognized rules and standards" and her opinions regarding the handling of the Plaintiff's insurance claims. Freeman's assertion that she relied on unidentified "case law, regulations, textbooks, publications, court cases" and similar broad categories of data is wholly insufficient to allow NHIC to examine and challenge the legal sufficiency of that data as a proper basis for her opinions. Freeman's opinions should be excluded under Rule 37(c) for failure to comply with the disclosure requirements in Rule 26(a)(2)(B).

## B. Freeman Is Not Qualified to Testify
## Regarding Claims Handling for Short Term Medical Policies

Under Rule 702 a witness who is "qualified as an expert by knowledge, skill, experience, training, or education" may testify in the form of opinions. Fed. R. Evid. 702. The issue with regard to expert testimony "is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Graves v. Mazda Motor Corp.*, 675 F. Supp.2d 1082, 1092-93 (W.D. Okla. 2009). An expert's qualifications must be both adequate in a qualitative sense, and specific to the matter about which she proposes to testify. General knowledge or education in a subject area is insufficient to qualify an individual as an expert on a specific topic.

In *Ralston*, 275 F.3d at 965, the court held that being a board certified orthopedic surgeon with knowledge of general orthopedic and surgical principles and concepts was insufficient to qualify the physician to provide an opinion about the use of an intermedullary nailing device and the adequacy of warnings with respect to the device. *Id.* at 969-70. The court made clear that "merely possessing a medical degree is not sufficient to permit a physician to testify concerning any medical-related issue." *Id.* at 970. What is required is special expertise regarding the precise matter at issue. *Id. See also Whiting v. Boston Edison Co.*, 891 F. Supp. 12, 24 (D. Mass. 1995) ("Just as a lawyer is not by general education and experience qualified to give an expert opinion on every subject of the law, so too a scientist or medical doctor is not presumed to have expert knowledge about every conceivable scientific principle or disease."). An expert may testify "only to the extent the expert draws on some special skill, knowledge or experience to formulate that opinion; the

opinion must be an expert opinion (that is, an opinion informed by the witness' expertise) rather than simply an opinion broached by a purported expert." *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp.2d 378, 393 (D. Md. 2001). One cannot become an expert "simply by accumulating experience in testifying" on a particular subject. *Kline v. Lorillard, Inc.*, 878 F.2d 791, 799 (4th Cir. 1989) (testimony of witness who had not published and had no particular expertise in specific field excluded).

Freeman intends to offer expert testimony regarding "whether the universal requirements and insurance industry standards for first party medical claims handling were met in this case." Relevant Facts, No. 3. She is not qualified to do so. Freeman has not provided a list of any prior cases in which she has testified as an expert witness by deposition or a trial on similar issues. Relevant Facts, Nos. 4, 5. And there is no basis to conclude from Freeman's CV that she has the knowledge, skill, or experience required to provide expert testimony regarding the practices and standards for insurance companies in handling claims in Oklahoma or handling claims under short term medical policies. Relevant Facts, Nos. 4, 6.  Freeman lists experience in the insurance industry dealing with long-term care, disability income, and Medicare supplement claims, but that does not qualify her to testify regarding the short term medical policy and claims at issue in this case. In *City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576 (10th Cir. 1998), the Tenth Circuit held the trial court did not abuse its discretion in excluding the testimony of an expert in an insurance bad faith case in New Mexico involving a third party claim. The court noted that "[t]hough a proferred expert possesses knowledge as to a general field, the expert who lacks specific knowledge does not necessarily assist the jury." *Id.* at 587.  The

expert in *City of Hobbs* had 30 years of experience in claims adjustment and claims handling, but he did not have knowledge specific to New Mexico and the handling of third party claims. Those factors were sufficient to support exclusion of the expert. *Id.* The same is true here with regard to Freeman.

### C. Freeman's Opinions Are Inadmissible and Should be Excluded

Plaintiff intends to offer Freeman's expert opinions in support of her breach of contract and insurance bad faith claims. This Court should not allow it. Freeman's opinions regarding the handling and denial of Plaintiff's claims relating to E.B.'s hip surgery under Plaintiff's short term medical insurance policy are unreliable, irrelevant, inadmissible, and exceed the permissible bounds of expert testimony under Fed. R. Evid. 702 and *Daubert*. They should be excluded in their entirety.

### 1. Freeman Should Be Precluded from Offering a Biased and Inaccurate Factual Narrative

Freeman's expert report contains five single-spaced pages of "Summary" and "Detailed Findings" in which she purports to offer a narrative of the events regarding Plaintiff's claims relating to E.B.'s hip surgery and the adjustment thereof consistent with Plaintiff's theory of the case. Freeman Report, pp.2-7 [Ex. 1]. Freeman's "Summary" and "Detailed Findings" include facts not supported by the record and facts designed to improperly bolster Plaintiff's statements regarding E.B.'s hip problems and Plaintiff's communications with Meritain and NHIC. *See* Relevant Facts, Nos. 12, 13.

Expert testimony is proper if the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in

issue." Fed. R. Evid. 702. Expert testimony which merely repeats the testimony of fact witnesses or advocates for a party – like Freeman's does – is not appropriate or admissible and would not be helpful to a jury. Moreover, "the presentation of 'facts' couched within expert testimony may cause the jury to give more weight or credence to them merely because they are delivered by experts." *ODG-OU, L.L.C. v. Pierce Prop. Mgmt., LLC*, No. CV-14-229-L, 2016 WL 11447824, *2-3 (W.D. Okla., Jan. 19, 2016). Such testimony is not proper "expert" testimony, as it is not based on any "specialized" expertise or knowledge that is beyond the ken of the average juror. It is wholly inappropriate for an expert to act as a vehicle for presenting a factual narrative for the purpose of telling a party's "story." *See Hamilton v. Bayer Healthcare Pharmaceuticals Inc.*, No. CIV-18-1240-C, 2019 WL 5295201 (W.D. Okla., October 18, 2019) (expert witness in bad faith case may not give testimony "regarding unsupported or inadequately explored conclusions regarding issues of fact or to offer a legal opinion"); *In re Rezulin Products Liability Litig.*, 309 F. Supp.2d 531, 551 (S.D. N.Y. 2004) (precluding expert from providing factual narrative that advocated plaintiff's version of facts; jury was equally capable of constructing factual narrative of case).

The jury is capable of listening to the evidence and considering and constructing Plaintiff's story for itself; it does not need Freeman's help doing so. *See Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994) (trial court may properly exclude expert testimony on issue jury is capable of determining for itself, such as whether facts show bad faith by insurance company). This is particularly true given the inaccuracies in the "facts" recited by Freeman. *See* <u>Relevant Facts, Nos. 7, 13</u>. Freeman's biased and

inaccurate factual narrative presented under the guise of expert testimony should be excluded.

### 2. Freeman Should be Precluded from Offering Testimony Regarding the Requirements of Oklahoma Law

Freeman intends to opine that NHIC never provided Plaintiff with a denial of Plaintiff's claims in writing that included the reason for the denial and an explanation of how to appeal the decision "both of which are requirements in the state of Oklahoma." Relevant Facts, No. 13(b). Freeman also intends to opine that NHIC should pay the claims it denied for E.B.'s surgery plus "legally required" interest in the amount she has calculated. Relevant Facts, No. 14. Freeman should be precluded from offering any testimony regarding NHIC's duties and obligations or any requirements under Oklahoma law. That is not proper expert testimony.

Expert witnesses may not testify "as to ultimate issues of law governing the jury's deliberations, because instructing the jury is the function of the trial judge." *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988). An expert may not define the law the fact-finder must follow or attempt to direct the jury's understanding of legal standards upon which its verdict must be based. *Id.* at 810. Allowing Freeman to present legal conclusions would supplant this Court's duty to instruct the jury on the law and the jury's duty to apply it to the evidence. *Id.* Freeman may not testify as to the legal parameters of bad faith under Oklahoma law, because it is the duty of the Court, not an expert witness, to instruct the jury as to the law. *Magallan v. Zurich Am. Ins. Co.*, No. 16-CV-0668-CVE, 2017 WL 4012964, *10 (N.D. Okla, Sept. 12, 2017).

Inasmuch as the term "unfair" is synonymous with "bad faith" under Oklahoma law, expert testimony utilizing that legal term would simply be telling the jury what result to reach. *See Badillo v. Mid-Century Ins. Co*, 2005 OK 48, 121 P.3d 1080, 1093 (to prove bad faith claim plaintiff must prove insurer's actions were "unreasonable" and insurer "failed to deal fairly and in good faith" with plaintiff); *Christian v. American Home Assurance Co.*, 1977 OK 141, ¶ 25, 577 P.2d 899, 904-05 (bad faith claim derives from insurer's duty to "deal fairly" and "act in good faith" towards insured and not to act "unreasonably" and in "bad faith"). Freeman should be precluded from opining that NHIC *failed to conduct* a "full and fair" investigation of Plaintiff's claims or otherwise acted "unreasonably" or in "bad faith." Relevant Facts, No. 14.  Such testimony "would not be helpful to the jury and it would likely be prejudicial to [the] defendant, because [the expert] would essentially be telling the jury what decision to reach on plaintiff's bad faith claim." *Id.*

### 3. Freeman Should be Precluded from Offering Testimony Regarding the Meaning of the Terms of Plaintiff's Policy

Freeman intends to opine, based on her review of certain provision in Plaintiff's short term medical insurance policy, that E.B.'s injury was "a covered injury." Relevant Facts, No. 13(c). Freeman's opinion appears to be based on reading certain terms in the Policy and not reading others, instead of any specialized knowledge or experience.  More importantly, the interpretation of an insurance contract is a question of law for this Court and is not a proper subject of expert testimony. *See American Commerce Ins. Co. v. Harris*, No. CIV-07-423-SPS, 2009 WL 130225 *1 (E.D. Okla., Jan. 16, 2009) (excluding expert testimony regarding meaning of insurance policy provisions as that was question of law

16

for court and whether terms were complied with was question jury could determine on its own); *Bright v. Ohio Nat. Life Assur. Corp.*, No. 11-CV-475-GFK-FHM, 2013 WL 121479, *2 (N.D. Okla., Jan. 9, 2013) (excluding expert's opinion in bad faith case on meaning of terms in insurance policy which was based on language in policy and not on particular expertise). Freeman's interpretation of the Policy and application of the Policy to the facts in this case is improper expert testimony, would not be helpful to the jury, and should be excluded.

### 4. Freeman Should be Precluded from Opining Regarding the Failure of NHIC to Produce a Claims File

Freeman intends to opine that NHIC did not properly review and evaluate Plaintiff's claims relating to E.B.'s surgery because NHIC's failed to produce a claims file. Relevant Facts, No. 14. This opinion is improper and should be excluded. Expert testimony that NHIC somehow mishandled Plaintiff's claims relating to E.B.'s surgery on this basis or any other would not assist the jury, as the jury is capable of assessing that for itself. *See North American Specialty Co. v. Britt Paulk Ins. Agency, Inc.*, 579 F.3d 1106, 1112 (10th Cir. 2009) (affirming exclusion of testimony of expert that insurance company "mishandled" plaintiff's claims, as jury was capable of assessing that issue itself). Oklahoma law and the insurance policy, not internal claims manuals, procedures, or record keeping practices, establish the insurer's obligation to its insured. And the jury is capable of deciding, based on this Court's instructions, whether NHIC's conduct was proper.

## IV. CONCLUSION

For the reasons set forth above, NHIC respectfully requests that this Court enter an order excluding the testimony of Plaintiff's expert Rebecca Freeman. Freeman is not qualified to offer expert testimony in this case and her opinions are are irrelevant, unreliable and otherwise inadmissible and will not assist the jury in determining any issue.

 *s/ Linda G. Kaufmann*
J. Derrick Teague, OBA #15131
Linda G. Kaufmann, OBA #14759
JENNINGS TEAGUE, PC
204 N. Robinson Avenue, Suite 1000
Oklahoma City, OK  73102
Telephone:  (405) 609-6000
Facsimile:   (405) 609-6501
E-mail: dteague@jenningsteague.com
       lkaufmann@jenningsteague.com
**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of October, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrant:

> Steven S. Mansell
> Mark A. Engel
> Zach Housel
> mec@meclaw.net
> MANSELL ENGEL & COLE
> **ATTORNEYS FOR PLAINTIFF**

> *s/ Linda G. Kaufmann*
> Linda G. Kaufmann

19