IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIELLE BARRON, individually, and as Parent and Legal Guardian of E.B., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL HEALTH INSURANCE COMPANY,<br><br>Defendant. | Case No: 5:19-cv-591 SLP |

**PLAINTIFF'S SUPPLMENTAL OBJECTIONS, ANSWERS, AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION**

Plaintiff, Danielle Barron, individually, and as Parent and Legal Guardian of E.B., a minor child, by and through counsel of record, hereby submits the following Supplemental Objections, Answers, and Responses to Defendant's First Set of Discovery Requests.

## GENERAL OBJECTIONS

With respect to each and every discovery request submitted by the Defendant, Plaintiff objects to the Instructions and Definitions set forth in advance of the discovery requests. These discovery requests are responded to as required by applicable rule and law. The words used in the discovery requests are given their plain and ordinary meanings given in the context of their use. Plaintiff objects to the use of policy terms in the discovery requests to the extent that any such request requires or inquiries regarding interpretation of policy provisions. Such insurance contract construction is a matter of law for the Court and not appropriate for discovery requests to the

Plaintiff. Plaintiff objects to those discovery requests requesting each and every fact as being overly broad and Plaintiff can only provide generally responsive information as would be practical in this written context. Plaintiff specifically objects to the definition and use of the term "You" in the requests. The information provided in response to these discovery requests is for the Plaintiff.

## OBJECTIONS AND CONDITIONS APPLICABLE TO ALL REQUESTS

The following objections and conditions qualify each and every discovery response to Defendant's discovery and are incorporated by this reference into each and every Response to Defendant's discovery, as if set forth fully therein:

1. Plaintiff objects to the definitions and instructions contained in Defendant's discovery to the extent they attempt to impose obligations or requirements upon Plaintiff beyond those imposed by the Federal Rules of Civil Procedure.

2. Plaintiff objects to each of Defendant's discovery to the extent that they call for the disclosure of information which is protected from discovery and privileged because it is (a) subject to the attorney client privilege; (b) covered by the attorney "work product" doctrine; (c) was generated in anticipation of litigation or for use at trial by or for Plaintiff or her representatives, including attorneys, consultants or agents; (d) relates to the identity or opinions of experts who have been retained or employed in anticipation of litigation and who are not expected to be called as witnesses at trial; and/or (e) otherwise privileged or beyond the scope of discovery under applicable rules and laws.

3. By responding to discovery requests of the Defendant, Plaintiff concedes neither the relevancy nor the admissibility of any information provided, or documents produced in response to such requests. The production of information or documents in

response to a specific discovery request does not constitute an admission that such information is probative of any particular issue in this case.

4.  Plaintiff reserves the right to supplement and/or revise these discovery responses to Defendant's discovery.

Subject to the foregoing objections and conditions, and subject to the specific additional objections made with respect to each discovery request, Plaintiff respond to as follows:

**INTERROGATORY NO. 14:** Please state the name and address of each expert witness you intend to call in the trial of this matter. For each expert witness, please provide the following information:

(a) the qualifications of the expert, including a list of all publications the expert has authored in the past ten (10) years;

(b) the compensation to be paid to the expert witness for the testimony and preparation for the testimony;

(c) the subject matter to which the expert is expected to testify;

(d) the substance of the facts and opinions to which the expert is expected to testify;

(e) a summary of the grounds of each opinion; and

(f) a listing of any other cases in which the expert has testified as an expert at trial or by deposition in the past five (5) years.

**ANSWER:**   None at this time.

**SUPPLMENTAL ANSWER:**   See Expert Report previously produced.

**REQUEST FOR PRODUCTION NO. 4:** Produce all materials received, reviewed, examined, relied upon, or created by any consulting experts and/or experts expected to be called to testify during the trial of this case.

**RESPONSE:** None at this time.

**SUPPLEMENTAL RESPONSE:** See Expert Report previously produced. See also, interest calculation being produced herewith bates stamped BARRON 0126.

**REQUEST FOR PRODUCTION NO. 5:** Produce the curricula vitae of all experts expected to be called as witnesses during the trial of this case and/or the curricula vitae of all experts used for consultation purposes if the experts' opinions or impressions have been or will be reviewed by a testifying expert.

**RESPONSE:** None at this time.

**SUPPLEMENTAL RESPONSE:** See Expert Report.

MANSELL ENGEL & COLE

By: _____
Mark A. Engel, OBA #10796
Zachary K. Housel, OBA # 32802
204 North Robinson Avenue, 21st Floor
Oklahoma City, OK 73102-7001
T: (405) 232-4100 ** F: (405) 232-4140
E-mail: zhousel@meclaw.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF MAILING

This is to certify that on September 9, 2020, a true and correct copy of the foregoing document was mailed to:

J. Derrick Teague, OBA #15131
Linda G. Kaufmann, OBA #14759
JENNINGS TEAGUE, PC
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102
Telephone:405.609.6000
Facsimile: 405.609.6501
Email: dteague@jenningsteague.com
       lkaufmann@jenningsteague.com

s/ [signature]

Manual entry fields in yellow

**Interest Rate**

| | |
|---|---|
| Annual (or monthly x 12) | 10.00% |
| Daily | 0.000261158 |
| Payment Date: Enter the date the past due amount will be paid | 9/1/2020 |

| Enter the original amount due | Enter the original payment due date | Number of days for calculation | Interest factor | Amount due including interest |
|---|---|---|---|---|
| 112,626.12 | 4/19/2019 | 501.00 | 1.14 | $128,367.43 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |

$112,626.12  Total due without interest                $128,367.43

Interest
$15,741.31

**BARRON - 0126**

Total due Including Interest

BARRON - 0127