**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DANIELLE BARRON, individually and as Parent and Legal Guardian of E.B., a minor child,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)  Case No. CIV-2019-591-SLP<br>vs.  )<br>)<br>NATIONAL HEALTH INSURANCE )<br>COMPANY,  )<br>)<br>Defendant.  ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION TO EXCLUDE EXPERT TESTIMONY OF REBECCA FREEMAN**

Defendant, National Health Insurance Company ("NHIC"), for its reply to Plaintiff's response and objection to NHIC's motion to exclude expert testimony from Rebecca Freeman [Doc. 59] in support of Plaintiff's breach of contract and insurance bad faith claims, respectfully submits that NHIC's motion should be granted. Plaintiff has failed to establish that Freeman is qualified to offer testimony on the issues in this case or that her opinions are relevant, reliable and otherwise inadmissible under Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). They are not.

**I. RESPONSE TO PLAINTIFF'S "INTRODUCTION"**

Plaintiff's response begins with a five-page introduction which includes a hyperbolic narrative regarding E.B.'s injuries and Plaintiff's claims which is belied by the facts and is not supported by any medical record or report from E.B.'s treating physicians

to which NHIC feels compelled to respond. Plaintiff asserts that NHIC denied the claim under Exclusion #59, without considering whether the surgery was related to a "covered injury." Plaintiff's Response, p.2. Not so. *See* NHIC's Reply to Plaintiff's Response to NHIC's Motion for Summary Judgment, pp.2-3, 5 and Ex. 13 [Doc. 61] (NHIC specifically incorporates its summary judgment motion [Doc. 47] and its reply brief [Doc. 61] herein by reference). Plaintiff then asserts that NHIC determined, after receiving E.B.'s medical records, that the preexisting condition exclusion was not applicable because "the records documented that her problems were attributed to her cheerleading injury." Not so. The preexisting condition investigation was not completed; it was not completed because a determination was made that the claims relating to E.B.'s hip surgery were not covered under the Policy. *See* NHIC's Motion for Summary Judgment, p.7, Undisputed Facts, Nos. 17, 18 [Doc. 47]. Plaintiff claims she "spent hours" on the telephone "half a dozen different times" explaining E.B.'s surgery was related to an injury and claims representatives told her various things which are not accurately recited by Plaintiff. Plaintiff's Response, pp.2-3. The phone calls between Plaintiff and Meritain's customer service representatives were recorded and produced in discovery; tellingly, Plaintiff does not attach any of the phone calls to support her assertions.

Plaintiff claims NHIC determined E.B.'s hip injury "was not a preexisting condition per their evaluation of her medical records." Plaintiff's Response, p.3. Again, that is not correct. *See* NHIC's Motion for Summary Judgment, p.7, Undisputed Facts, No. 17 [Doc. 47]. As Meritain's Claims Operations Manager Stacee Johns testified during the conclusion of her deposition on October 9, 2020, Plaintiff's claims for E.B.'s hip surgery were not

denied for preexisting condition. The claims were denied based on Policy exclusions; consequently, the preexisting condition review was never completed. Ms. Johns explained that just because the claims were not denied for a preexisting condition *does not mean* that the condition was not preexisting. 10/9/20 Deposition of S. Johns, 131/9-132/12 [Ex. 1]. Plaintiff also asserts that NHIC has the burden of proving E.B.'s surgery was "not related to the covered injury." Plaintiff's Response, p.3. NHIC disagrees; the burden of proving coverage and any exception to an exclusion under the Policy is on Plaintiff. *See* NHIC's Reply to Plaintiff's Response to NHIC's Motion for Summary Judgment, p.7-9 [Doc. 61].

## II. FREEMAN IS NOT QUALIFIED TO TESTIFY IN THIS CASE AND HER OPINIONS WOULD NOT BE HELPFUL TO THE JURY

NHIC has challenged Freeman's qualifications to testify in this case. Plaintiff responds that Freeman's testimony will be based on experience in the insurance industry, and notes that an expert relying solely on experience as the basis for their qualifications "must explain how that experience lead to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Plaintiff's Response, p.7 (quoting Fed. R. Evid. 702, Advisory Committee Notes). Yet Plaintiff fails to explain how Freeman's experience qualifies her to testify about the handling of claims under short term medical policies like the Policy at issue in this case. Moreover, Freeman has not been deposed and has not testified at trial as an expert in the last four years. Plaintiff's Response, p.13.

Plaintiff also contends that Freeman's testimony would be helpful to the jury. According to Plaintiff, Freeman intends to testify about "insurance standards, customs and

practices derived from her years of experience and training, her education, case law, statutes, rules and regulations" as they relate to this case. Plaintiff's Response, p.13. But as NHIC noted in its motion, Freeman has *failed to identify any* of the "case law, statutes, rules and regulations" or the textbooks, publications, model unfair claims settlement practices acts, company advertising, claims procedures and guidelines, or any other materials upon which she purportedly will base her opinions. Without that information neither NHIC – nor this Court – can properly ascertain the reliability of those sources as the bases for her opinions and whether opinions based thereon would be helpful to the jury or would represent improper legal conclusions.

### III. FREEMAN SHOULD NOT BE ALLOWED TO TISTIFY THAT NHIC'S ACTIONS WERE UNREASONABLE

NHIC has asserted that Freeman should not be allowed to testify regarding legal conclusions or instruct the jury what verdict to reach and should not be allowed to testify that NHIC's conduct was unfair, unreasonable, or in bad faith. Plaintiff responds that Freeman will not be asked to testify that NHIC's actions constituted "bad faith," but she will testify that NHIC's actions were "unreasonable." Plaintiff's Response, p.17. This Court should not allow it. If Plaintiff's bad faith claim proceeds to trial, the jury will be asked to determine whether NHIC's conduct was reasonable. Allowing Freeman to offer such testimony would allow her to tell the jury what decision to reach. Orders precluding such expert evidence have been entered in bad faith cases in this court. *See Daniels v. CSAA General Ins. Co.*, No. CIV-18-1115-R, Doc. 38 (W.D. Okla., Aug. 30, 2019); *Nematpour v. GEICO Gen. Ins. Co.*, No. CIV-15-851-W, Doc. 105 (W.D. Okla., Aug. 8, 2016).

## IV. CONCLUSION

For the reasons set forth herein and in NHIC's motion to exclude Freeman's testimony [Doc. 50], NHIC respectfully requests that this Court enter an order excluding the testimony of Plaintiff's expert Rebecca Freeman.

        *s/ Linda G. Kaufmann*
J. Derrick Teague, OBA #15131
Linda G. Kaufmann, OBA #14759
JENNINGS TEAGUE, PC
204 N. Robinson Avenue, Suite 1000
Oklahoma City, OK  73102
Telephone:  (405) 609-6000
Facsimile:   (405) 609-6501
E-mail: dteague@jenningsteague.com
       lkaufmann@jenningsteague.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrant:

    Steven S. Mansell
    Mark A. Engel
    Zach Housel
    mec@meclaw.net
    MANSELL ENGEL & COLE
    **ATTORNEYS FOR PLAINTIFF**

        *s/ Linda G. Kaufmann*
        Linda G. Kaufmann