## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DANIELLE BARRON, individually )
and as Parent and Legal Guardian of )
E.B., a minor child, )
                           )
             Plaintiff, )
                           )       Case No. CIV-2019-591-SLP
vs. )
                           )
NATIONAL HEALTH INSURANCE )
COMPANY, )
                           )
           Defendant. )

## DEFENDANT NATIONAL HEALTH INSURANCE COMPANY'S
## RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE*

Defendant, National Health Insurance Company ("NHIC"), for its response and objection to Plaintiff's Motions *in Limine* [Doc. 75], respectfully submits the following.

## I. ARGUMENT AND AUTHORITY

### Plaintiff's Issue 1: Any evidence or testimony that E.B.'s hospitalization claim was denied "automatically" by a computer program.

Erroneously contending that it "has been the excuse for non-payment and denial" of Plaintiff's claims relating to E.B.'s surgery throughout this case, Plaintiff's Motion, p.1 [Doc. 74], Plaintiff moves this Court to exclude any evidence that NHIC relied upon a computer's automatic denial of Plaintiff's claims. Plaintiff's motion should be denied. NHIC does not contend Plaintiff's claims were denied by a computer program. NHIC contends Plaintiff's claims were denied based on the diagnosis codes on the claim forms

submitted by the medical providers, the terms of the insurance policy, and NHIC's exclusion table.

Plaintiff supports her argument with the same misstatements regarding the supplemental evidence from Meritain Health, Inc.'s claims representative Hallie Ende's deposition that she submitted in opposition to NHIC's motion for summary judgment about "supervisors" "escalating" the doctor's claim suggesting it should have been "waited" like the hospital claim. *Id.* at p.2. As set forth in NHIC's response to Plaintiff's supplemental evidence, "STM Escalations" is the escalations email box; and the email referenced by Plaintiff was not an escalation at all – it was a question from a customer service representative who is not trained in claims handling. Ms. Ende answered the question and explained why the doctor's claim was properly denied and the hospital claim should also be denied: "[b]ecause the diagnosis billed on the claim is one that wouldn't be related to a covered injury we wouldn't wait and request records to determine that and PREX at this point. If they had billed something that could have possibly been related to a covered injury we would be investigating it further." *See* Defendant's Supplement to Summary Judgment Reply, pp.2-3 and Ex. 3 [Doc. 77]. Evidence regarding how the subject claims were handled is relevant and should not be excluded.

**Plaintiff's Issue 2: Any new basis for denial
not originally relied upon at the time of the denial.**

**a. Evidence E.B.'s hip problem was not caused by an
accidental injury NHIC did not possess when it denied E.B.'s claims.**

Plaintiff states that E.B.'s hip problem was caused by a cheerleading accident, that E.B. "never" suffered issues in her hip before her surgery, and that E.B. was required to

have surgery on her hip due to a tear of her labrum. Plaintiff's Motion, p.4. Plaintiff then states that "the medical evidence" supports her assertions regarding E.B.'s injury, *id.* at p.6, and asks this Court to preclude NHIC from offering any evidence that NHIC did not possess at the time it denied the subject claims to refute Plaintiff's assertions.

NHIC agrees that the time period the claims were being reviewed is the focus of a bad faith claim; if NHIC had a good faith belief, at the time its performance was requested, that it was justified in denying Plaintiff's claims relating to E.B.'s hip surgery under the insurance policy, it cannot be liable for bad faith. *Bailey v. Farmers Ins. Co.*, 2006 OK CIV APP 85, 137 P.3d 1260; *Beers v. Hillary*, 2010 OK CIV APP 99, 241 P.3d 285. But that legal proposition does not preclude NHIC from offering evidence – including the medical records of E.B.'s surgeon produced by Plaintiff in discovery – which directly refutes Plaintiff's unsupported factual assertions and goes to her credibility and truthfulness. Such evidence is therefore relevant and admissible for that purpose. Fed. R. Evid. 401, 402.

Plaintiff accuses NHIC of ignoring E.B.'s "full thickness tear in her hip labrum." Plaintiff's Motion, p.5. But Plaintiff ignores E.B.'s diagnosis of Perthes disease, which was the focus of E.B.'s treatment, both before and after the surgery. NHIC determined, based on E.B.'s primary diagnosis of Perthes disease on the claim forms, that Plaintiff's claims relating to E.B.'s surgery were not caused by a covered injury and were not covered under the insurance policy. NHIC should be allowed to offer evidence, including E.B.'s medical records, to refute Plaintiff's unsupported assertion that the medical evidence supports a finding that E.B.'s hip problem was caused by the tumbling accident, particularly if E.B. herself attempts to offer medical evidence not in possession of NHIC. That is likely what

3

Plaintiff plans, as Plaintiff contends NHIC failed to perform an adequate investigation because it did not examine E.B.'s medical records. Yet Plaintiff seeks to preclude the jury from hearing any evidence of what an examination of those medical records would have revealed – that E.B.'s surgery was required by and related to her diagnosis of Perthes disease. Plaintiff cannot have it both ways.

### b. Evidence regarding policy exclusion 24.

NHIC has no intention of offering evidence regarding exclusion 24 in Plaintiff's Policy or asserting it as a basis for denial of Plaintiff's claims relating to E.B.'s surgery.

### Plaintiff's Issue 3: Defendant's baseless argument that Plaintiff did not appeal.

Asserting that NHIC has "repeatedly accused Ms. Barron [sic] not appealing," Plaintiff asks this Court to preclude NHIC from offering evidence that Plaintiff did not appeal denial of the claims relating to E.B.'s surgery. Plaintiff's Motion, pp.7-8. Plaintiff claims she spent "hours" on "half a dozen" calls "explaining that the surgery resulted from the injury in November and that the medical records and doctors had all confirmed" that in an attempt to appeal. *Id.* at p.7. Not so.

NHIC has produced all of the phone calls between Plaintiff and Meritain Health relating to the subject claims to Plaintiff in discovery, of which there are three (3) – not a "half a dozen." Tellingly, Plaintiff has not produced any of the calls to support her assertions regarding what she allegedly told NHIC's customer service representatives regarding E.B.'s injury and her alleged attempts to urge reconsideration of the claims. NHIC, however, has produced a transcript and the recording of the longest call between Plaintiff and Meritain health during which Plaintiff inquired about the denial of the

professional claim submitted by E.B.'s surgeon; she was told it was denied based on the joint exclusion (Exclusion 59) in the policy. And while Plaintiff did advise the representative E.B. had hip surgery due to an accident, tumbling, she also said they didn't know exactly when it happened and later said E.B. just started having hip pain, and they thought she may have pulled a muscle or something "playing or whatever." They took E.B. to the doctor and were told she had "all these problems with her hips" and that she needed surgery. Plaintiff said E.B. was diagnosed with Perthes disease. 4/5/19 Telephone Call Transcript and Recording [Doc. 77-2 and Doc. 78].

It is undisputed that: Plaintiff's insurance policy explains the process for appealing the denial of a claim; NHIC's Explanation of Benefits forms have "Important Information about Your Appeal Rights" on the back of the form, answering the questions: "What if I don't agree with this decision?" and "How do I file an appeal?"; and Plaintiff did not submit a written appeal of the decisions to deny the $81,961.75 claim, the $15,007.00 claim, or any other claim relating to E.B.'s surgery pursuant to the terms of the insurance policy. *See* Defendant's Motion for Summary Judgment, Undisputed Facts, Nos. 20, 21, 22 [Doc. 47]. Evidence that Plaintiff did not appeal the denials in accordance with the terms of the policy and as directed on the Explanation of Benefits Forms is part of the claims history and is relevant and admissible. Fed. R. Evid. 401, 402. That is particularly true if Plaintiff intends to argue, as she does in her motion, that NHIC failed to advise her of her appeal rights and/or failed to advise her to formalize her appeal in writing giving her no alternative but to hire an attorney. Plaintiff's Motion, p.8. NHIC clearly advised Plaintiff of her appeal

rights and she failed to appeal. Plaintiff's motion to exclude any evidence of that should be denied.

## II. CONCLUSION

For the reasons set forth above, NHIC respectfully requests that this Court deny Plaintiff's motion *in limine*.

*s/ Linda G. Kaufmann*
J. Derrick Teague, OBA #15131
Linda G. Kaufmann, OBA #14759
JENNINGS TEAGUE, PC
204 N. Robinson Avenue, Suite 1000
Oklahoma City, OK 73102
Telephone: (405) 609-6000
Facsimile: (405) 609-6501
E-mail: dteague@jenningsteague.com
        lkaufmann@jenningsteague.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2021, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Steven S. Mansell
Mark A. Engel
Zach Housel
mec@meclaw.net
MANSELL ENGEL & COLE
**ATTORNEYS FOR PLAINTIFF**

_s/ Linda G. Kaufmann_
Linda G. Kaufmann